# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

ANTONIO CUSHINGBERRY, )
)
       Petitioner, )
v. ) No. 1:11-cv-1683-JMS-MJD
)
KEITH BUTTS, )
)
       Respondent. )

## Entry and Order Dismissing Action

A prison disciplinary proceeding identified as No. ISR 11-10-0006, wherein inmate Antonio L. Cushingberry was found guilty of violating prison rules by possessing or making intoxicants, resulted in sanctions of written reprimand, three months in disciplinary segregation, and a suspended 90-day earned credit time deprivation. The suspended deprivation of earned good time was not enforced and no longer can be.

Cushingberry seeks a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a). He is entitled to such a writ if he is "in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Obviously, therefore, being Ain custody@ is a requirement for seeking federal habeas relief. *See Maleng v. Cook,* 490 U.S. 488, 490 (1989); *Carter v. United States,* 733 F.2d 735, 736 (10th Cir. 1984), *cert. denied,* 469 U.S. 1161 (1985). A[T]he inquiry into whether a petitioner has satisfied the jurisdictional prerequisites for habeas review requires a court to judge the ≫severity= of an actual or potential restraint on liberty.@ *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 894 (2d Cir.), *cert. denied,* 519 U.S. 1041 (1996). A sanction which does not constitute Acustody@ cannot be challenged in an action for habeas corpus relief. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam); *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001).

Two of the sanctions imposed in the challenged disciplinary proceedingBthe written reprimand and the confinement in disciplinary segregation--did not result in the imposition of Acustody@ for purposes of the federal habeas statute. *Id.*

The other sanction imposed in No. ISR 11-10-0006, however, did result in the imposition of "custody." This was the sanction which was suspended, for Cuhsingberry has a protected liberty interest in his earned credit time, and he may not be deprived of earned credit time without the minimum requirements of due process. *Piggie v. McBride,* 277 F.3d 922, 924 (7th Cir. 2002). Analysis here, however, also requires the court to determine whether the fact that this sanction was suspended affects Cushingberry's ability to satisfy the custody requirement. It does not. *See Cochran v. Buss,* 381 F.3d 637, 640 (7th Cir. 2004) (a suspended sanction of the deprivation of good time qualifies as the deprivation of a protected liberty interest sufficient to trigger the guarantees of due process in *Wolff v. McDonnell,* 418 U.S. 539 (1974)).

The respondent's motion to dismiss is based instead on the fact that the suspended sanction was not invoked and now can no longer be imposed. A similar situation was also addressed in *Cochran,* where the Court of Appeals explained that in a situation where the suspended sanction has expired and was never invoked, the possibility of suffering an actual deprivation of credit time--and thereby lengthening the anticipated period of an inmate's confinement--the "in custody" requirement of the federal habeas statute is no longer satisfied and the claim has become moot. 381 F.3d at 640-41. Similarly, Cushinberry's suspended sanction has expired, was never invoked and his claim has become moot.

Accordingly, the sanctions Cushingberry suffered did not lengthen the anticipated duration of his confinement. The respondent's motion to dismiss [15] is therefore granted. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/30/2012

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Antonio L. Cushingberry
DOC #913541
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Rd.
Pendleton, IN 46064